UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| STEPHANIE S. DARDEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:07CV00031 ERW |
| | ) |
| MISSOURI DEPARTMENT OF CORRECTIONS, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Stephanie S. Darden (registration no. 1133000) for leave to commence this action without payment of the required filing fee.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. See 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. See 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will

forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of her prison account statement for the six-month period immediately preceding the submission of her complaint. See 28 U.S.C. § 1915(a)(1),(2). A review of plaintiff's account statement indicates an average monthly deposit of $367.24 and an average monthly account balance of $51.98. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $73.45, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## The amended complaint[1]

Plaintiff, an inmate at the Women's Eastern Reception, Diagnostic and Correctional Center ("WERDCC"), seeks monetary and injunctive relief in this 42 U.S.C. § 1983 action against defendants Missouri Department of Corrections, WERDCC, Cindy Pruden (Superintendent), Angela Pearl (Associate Superintendent), William Beall (Associate Superintendent), James Hurley (Associate Superintendent), and Marilyn Hubert ("HSA").

Plaintiff alleges that on November 23, 2006, another inmate, Olivira Jones, "poured an empty peanut butter jar full of urine on [her] head while [she] was sleeping." Plaintiff claims that inmate Jones' "past conduct and institutional record display her notoriety for deviant behavior," and that defendants Pruden, Pearl, Beall, and Hurley failed to protect plaintiff when they approved inmate Jones' "move in to room 101, Housing Unit 8B with four other offenders and [plaintiff]." In addition, plaintiff claims that immediately following this incident, "the first shift . . . officers had [her] sit for 20 minutes soaked in Ms. Jones' urine before escorting [her] to medical to be checked over by LPN Lisa Pettis. It then took another 10 minutes before [plaintiff] was allowed to shower." Last, plaintiff claims that Nurse Pettis came to plaintiff's cell to draw a blood sample, and she "stuck the syringe 5" below [plaintiff's] wrist . . . and rotated the needle in a circle saying she was searching for a vein." Plaintiff claims that a bruise later formed in the "same spot," and her arm was "blue and purple." Plaintiff alleges that Nurse Pettis' supervisor, defendant Marilyn Hubert, "allows [Pettis] to perform the duties of a phlebotomist when . . . [Pettis] is lacking in the skill."

---

[1] On July 13, 2007, plaintiff filed an amended complaint [Doc. #6] which supersedes the original complaint [Doc. #1] that was filed on July 5, 2007.

**Discussion**

Plaintiff's failure-to-protect claim against defendants Cindy Pruden, Angela Pearl, William Beall, and James Hurley survives review under § 1915(e)(2)(B) and should not be dismissed at this time. See 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(g)(2). Therefore, the Court will order that defendants Cindy Pruden, Angela Pearl, William Beall, and James Hurley reply to this claim as set forth in the amended complaint.

To the extent that plaintiff is attempting to assert an Eighth Amendment claim against defendants Cindy Pruden, Angela Pearl, William Beall, and James Hurley, on the ground that plaintiff had to sit for twenty minutes before being escorted to medical, the claim is legally frivolous. To state a claim for medical mistreatment in violation of the Eighth Amendment, a plaintiff must plead facts sufficient to indicate a deliberate indifference to serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 106 (1976). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. Id.

Moreover, plaintiff's claim against defendant Marilyn Hubert, as the supervisor who allows Nurse Lisa Pettis to perform the duties of phlebotomist, is also legally frivolous, because Nurse Pettis' actions in drawing blood from plaintiff simply do not rise to the level of a constitutional violation. Although plaintiff's allegations may be cognizable as a negligence or medical malpractice claim under state law, they are insufficient to sustain a constitutional violation. See Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. at 106. For these reasons, the amended complaint is legally frivolous as to Marilyn Hubert.

The amended complaint is also legally frivolous as to defendants Missouri Department of Corrections and WERDCC. Plaintiff has failed to assert any claims against the Missouri Department of Corrections, see Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); and, in any event, suits against the Missouri Department of Corrections are barred by the Eleventh Amendment. See Alabama v. Pugh, 438 U.S. 781, 782 (1978). Moreover, a claim against WERDCC is, in effect, a claim against the State of Missouri; however, the State of Missouri, is absolutely immune from liability under § 1983. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 63 (1989).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $73.45 within thirty (30) days from the date of this order. Plaintiff is instructed to make her remittance payable to "Clerk, United States District Court," and to include upon it: (1) her name; (2) her prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that, as to defendants Missouri Department of Corrections, WERDCC, and Marilyn Hubert, the Clerk shall not issue process or cause process to issue upon the amended complaint, because the amended complaint is legally frivolous and fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that, as to defendants Cindy Pruden Angela Pearl, William Beall, and James Hurley, the Clerk shall issue process or cause process to issue upon the amended complaint.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Cindy Pruden, Angela Pearl, William Beall, and James Hurley shall reply to plaintiff's failure-to-protect claim, as set forth in the amended complaint, within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that plaintiff's Eighth Amendment claim against defendants Cindy Pruden, Angela Pearl, William Beall, and James Hurley is **DISMISSED**, without prejudice, as legally frivolous.

**IT IS FURTHER ORDERED** that, pursuant to this Court's differentiated case management system, this case is assigned to Track 5B (standard prisoner actions).

An appropriate order shall accompany this order and memorandum.

So Ordered this 10th Day of August, 2007.

_____
**E. RICHARD WEBBER**
**UNITED STATES DISTRICT JUDGE**